# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**MICHAEL ALONZA RUFUS, #99284-071**                                    **PLAINTIFF**

**VS.**                                          **CIVIL ACTION NO. 5:08cv240-DCB-MTP**

**BRIAN BAILEY, et al.**                                                **DEFENDANTS**

## ORDER

This matter is before the court on two Motions to Amend the Complaint [18] [29] and a Motion to Supplement Pleadings and Appoint Counsel [44] filed by Plaintiff. Having reviewed the submissions of the parties and the entire record in this matter, the court finds that the motions should be denied, for the reasons set forth below.

The instant lawsuit arises out of an Incident Report issued to Plaintiff on March 30, 2008 and related disciplinary proceedings conducted while Plaintiff was an inmate at the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo City").[1] Specifically, Plaintiff was issued an Incident Report charging him with the following offenses: refusing to obey the order of any staff; and being in an unauthorized area.[2] The Unit Disciplinary Committee ("UDC") conducted a hearing on March 31, 2008 and found Plaintiff guilty of the alleged offenses. Plaintiff's punishment was 90 days' restriction of commissary and phone privileges. *See* Cplt. & accompanying Exhibits.

Plaintiff, proceeding *pro se*, filed his Complaint [1] on or about July 14, 2008, against the following Defendants who worked at FCC Yazoo City during the relevant time period: Officer

---

[1] Plaintiff is currently incarcerated at the Federal Correctional Institution in Memphis, Tennessee ("FCI Memphis").

[2] According to the Report, Officer Brian Bailey observed Plaintiff standing in the hallway talking to another inmate, and ordered Plaintiff to stop talking and go to his "cube." Plaintiff refused to comply, despite being ordered multiple times. Officer Bailey then told Plaintiff to present his identification card, but Plaintiff refused.

Bailey; Carolyn Polk, Lieutenant; James A. Hutchins, Lieutenant; Alvin J. Fortenberry, Counselor and member of the UDC; and Katon L. Varnado, Counselor and Chairperson of the UDC.[3] Plaintiff asserts several violations of the BOP's inmate discipline policy against Defendants, based on the events surrounding the Incident Report and the UDC hearing. Plaintiff seeks injunctive relief requiring the BOP to remove the disciplinary action from his record and to transfer him to a facility closer to his son. He also requests that Defendants be sanctioned "in accord with the applicable regulations of standards of employee conduct," that they be investigated, that they pay fees and any other just relief. *See* Cplt. at 5-10.

Motions to Amend

Rule 15(a) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been filed, "a party may amend the party's pleading only by leave of court" and that "leave shall be freely given when justice so requires." However, leave to amend is not automatic. *Bloom v. Bexar Cty.*, 130 F.3d 722, 727 (5th Cir. 1997). The decision whether to grant or deny leave is within the sound discretion of the district court. *Id.*; *see also Halbert v. Sherman*, 33 F.3d 526, 529 (5th Cir. 1994). The factors to be considered by the court in exercising its discretion include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, (and) futility of amendment." *Gregory v. Mitchell*, 634 F.2d 199, 203 (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)).

First Motion to Amend [18]

In his first Motion to Amend [18], Plaintiff seeks to add several new defendants to this

---

[3] The Bureau of Prisons was dismissed as a defendant by Order [11] entered October 22, 2008.

2

action. Plaintiff seeks to add Bruce Pearson, Warden of FCC Yazoo City, R. E. Holt, Southeast Regional Director of the Bureau of Prisons ("BOP"), the BOP, and several John Does. *See* Motion to Amend Cplt. at 5-6. Plaintiff also appears to be attempting to assert new claims against Defendants arising out of the incident report in question, although the statements and allegations in his motion are extremely convoluted and hard to follow.

With respect to Warden Pearson and Regional Director Holt, it is well-settled that Section 1983 does not "create supervisory or *respondeat superior* liability."[4] *Oliver v. Scott,* 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *see also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) ("Under § 1983, supervisory officials cannot be held liable for the actions of subordinates under any theory of vicarious liability.") (citations omitted). "To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Jolly v. Klein*, 923 F.Supp. 931, 943 (S.D. Tex. 1996) (*citing Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)). Thus, supervisory prison officials may be held liable only if they either were personally involved in the constitutional deprivation or if there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins*, 828 F.2d at 304. Plaintiff merely alleges that Warden Pearson and Regional Director Holt are "responsible for the implementation and operation of the Administrative Remedy Process," and that their "failure to perform this mandate is intentional and knowing." *See* Motion to Amend Cplt. at 5-6. Plaintiff

---

[4] This action was brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). A *Bivens* action mirrors a civil rights action brought under 42 U.S.C. § 1983, the difference being that a *Bivens* action applies to alleged constitutional violations by federal actors, while a section 1983 action applies to alleged constitutional violations by state actors. *See Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005).

3

does not allege any personal involvement by either Warden Pearson or Regional Director Holt in any alleged constitutional violations.[5] Thus, Plaintiff does not state a claim against these proposed defendants and amendment of his complaint to add them would be futile.[6] The same analysis holds true for Plaintiff's proposed John Doe Defendants.[7]

---

[5] There are documents attached to Plaintiff's motion that indicate that Warden Pearson signed certain responses to Plaintiff's Requests for Administrative Remedy. However, this alone is insufficient to establish liability. *See*, *e.g.*, *Mosley v. Thornton*, 2005 WL 1645781, at * 5 (E.D. La. June 20, 2005) ("Plaintiff merely alleges that the Warden was responsible for Thornton and the medical department and that he responded to plaintiff's appeal...However, the fact that the Sheriff responded to plaintiff's appeal is insufficient to support a constitutional claim against the Sheriff."); *Jones v. Livingston*, 2005 WL 3618316, at * 3 (S.D. Tex. Jan. 6, 2005) (holding that failure to provide adequate medical care claim asserted against supervisory prison official should be dismissed because "the fact that he did not respond to, or denied, plaintiff's grievances does not, alone, state a claim..."); *Anderson v. Pratt*, 2002 WL 1159980, at * 3 (N.D. Tex. May 29, 2002) (Warden's review and denial of grievance did not show personal involvement in deprivation of constitutional rights); *Alexander v. Fed'l Bureau of Prisons*, 227 F.Supp. 2d 657, 665-66 (E.D. Ky. 2002) (Warden's signing an administrative remedy response prepared by staff did not establish constitutional violation); *Lamkey v. Roth*, 1997 WL 89125, at * 5 (N.D. Ill. Feb. 26, 1997) (Warden's signing of grievance report "concurring in the grievance officer's finding" insufficient to establish personal involvement).

[6] In addition, the court notes that it is unlikely that it would have personal jurisdiction over Mr. Holt, whom Plaintiff alleges to be the Southeast Regional Director of the BOP. The BOP's Southeast Regional Office is located in Atlanta, Georgia. *See* http://www.bop.gov/locations/maps/SER.jsp (last accessed Apr. 30, 2009). Courts have held that mere allegations relating to a BOP official's decisions regarding an inmate's administrative appeal outside the forum state, and other supervisory activities over a facility inside the forum state, are insufficient to establish personal jurisdiction. *See Walker v. Reese*, 2008 WL 4426123, at * 12 (Sept. 25, 2008) (dismissing Regional Director Holt for lack of personal jurisdiction)

[7] The proposed John Doe defendants are: "Administrative Remedy Official(s), whom Plaintiff claims are "responsible for appointing, investigating and preparing the response to Remedy Request and in intentionally failing to act in accordance to the mandates of the Administrative Remedy Process have caused the enforcement of the unconstitutional practices of the defendants"; the Acting Warden, whom Plaintiff alleges "failed to provide a response within the time frame, failed to more correctly interpret and apply Bureau policies, failed to accurately determine if the UDC's determination was in accordance to the mandates of 541.19 which has caused the enforcement of the unconstitutional practice of the defendants"; "Coordinator of the Southeast Regional Office," whom Plaintiff claims has "deprived Plaintiff of the property created by the mandates of the administrative remedy process in obtaining the review and relief by the bureau which has enforced and insulated the unconstitutional practices of the defendants"; and

Finally, the BOP has already been dismissed as a defendant from this lawsuit, by order [11] dated October 22, 2008. In that order, the court explained that a *Bivens* action "may only be maintained against federal officers; sovereign immunity bars such actions against the United States or agencies therefore." *Johnson v. United States*, 980 F.Supp. 148 (E.D. Pa. 1997) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 485-86 (1994)). The court also explained that Plaintiff cannot maintain an action against the BOP based on the theory of *respondeat superior*. *See Abate v. Southern Pacific Transp. Co.*, 993 F.2d 107 (5th Cir. 1993).

For the foregoing reasons, Plaintiff's Motion to Amend Complaint [18] is denied.

Second Motion to Amend [29]

In the second Motion to Amend [29], Plaintiff apparently seeks to add a new claim of denial of legal access. Plaintiff claims that he has been denied adequate paper, envelopes, postage and others materials which have in some way hindered him from litigating this action, along with four other actions that are pending in this court. To prevail on an access-to-the-courts claim, plaintiff must show an "'actual injury' - that is, 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'" *Lewis v. Casey*, 518 U.S. 343, 349-51 (1996) (citation omitted); s*ee also Donnelly v. Edwards*, 95 Fed. Appx. 702, 703 (5th Cir. Apr. 23, 2004) (upholding dismissal of access-to-the-courts claim because plaintiff did not establish that he was unable to proceed in a court case as a result of alleged delays and denials of legal assistance); *Cartner v. Lowndes Cty.*, 89 Fed. Appx. 439, 442 (5th Cir. Jan. 23, 2004), *cert. denied*, 542 U.S. 923 (2004) (affirming dismissal of

---

the "Central Office Administrative Remedy Coordinator," whom Plaintiff alleges took actions "consistent and similar to the actions of the Regional Remedy Coordinator and has deprived Plaintiff of 'Due Process of Law' under the color of law which has enforced and insulated the unconstitutional practices of the defendants." *See* Motion to Amend Cplt. at 5-6.

5

access-to-the-courts claim where plaintiff failed to explain "how his position as a litigant was adversely affected"); *Richards v. Johnson*, 115 Fed. Appx. 677 (5th Cir. Oct. 20, 2004) (upholding dismissal of access-to-the-courts claim where plaintiff "alleged no fact showing that he has been prejudiced in his ability to prepare and transmit a necessary legal document to a court."). Plaintiff does not allege that he has been prejudiced in this or any other case.[8]

Moreover, the only proposed defendant against whom Plaintiff appears to be asserting this claim is the BOP.[9] Thus, for the reasons stated above, Plaintiff will not be granted leave to amend his complaint to add the BOP as a defendant.

Motion to Supplement Pleadings and Appoint Counsel [44]

In Plaintiff's most recent Motion to Supplement Pleadings [44], Plaintiff seeks leave to amend his complaint to add a claim that he explicitly alleges arose after he filed the instant lawsuit, and involves defendants at a different institution (FCI Memphis) than where his other claims at issue in this lawsuit arose (FCC Yazoo City).

The court finds that Plaintiff's motion to amend should be denied for several reasons. First, as discussed *supra*, it is unlikely that the court would have personal jurisdiction over the proposed defendants, both of whom are employees of FCI Memphis. Second, Plaintiff has failed to allege any personal involvement on the part of these proposed defendants. Finally, and

---

[8] Nor would such allegations be credible, in light of the extensive and voluminous pleadings filed by Plaintiff in this case. Plaintiff also has three other cases currently pending in this court (Civil Action No. 5:08cv263, 5:08cv303 and 5:08cv310 ) and has filed numerous pleadings in them as well.

[9] There is a Request for Administrative Remedy attached to the motion to amend which mentions Warden Pearson as one of the individuals responsible for allegedly denying him these materials. However, Plaintiff does not make any allegations in his proposed amended complaint of personal involvement by Warden Pearson. It also appears that Warden Pearson signed a Response denying Plaintiff's Request for Administrative Remedy. As discussed *supra*, this is not sufficient to establish Warden Pearson's liability.

6

perhaps most importantly, these new claims have absolutely no connection whatsoever to the claims currently at issue in this lawsuit. Based on the record in this matter, it has become apparent to the court that Plaintiff views this lawsuit as an opportunity to air each and every grievance he has ever had and may in the future have against the BOP. However, in order for this lawsuit to reach a resolution, it is necessary for the relevant issues to be defined and addressed - something which cannot happen if Plaintiff is allowed to amend his complaint to add unrelated claims and claims arising well after the inception of the lawsuit. Accordingly, this motion to amend shall also be denied. Further, in light of the fact that there are dispositive motions currently pending before the court, it shall be ordered that Plaintiff shall not file any additional motions to amend his complaint, so that the court may focus on the issues presently before it.

Finally, Plaintiff's request for the appointment of counsel will be denied, for the same reasons set forth in this court's March 18, 2009 order [41] denying Plaintiff's two previous motions for appointment of counsel [33] [40].

IT IS, THEREFORE, ORDERED AND ADJUDGED that Plaintiffs' Motions to Amend the Complaint [18] [29] and Plaintiff's Motion to Supplement Pleadings and Appoint Counsel [44] are denied.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff shall not file any additional motions to amend his complaint.

SO ORDERED AND ADJUDGED this the 30th day of April, 2009.

s/ Michael T. Parker
United States Magistrate Judge