# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**MICHAEL ALONZA RUFUS, #99284-071**  PLAINTIFF

VS.  CIVIL ACTION NO. 5:08cv240-DCB-MTP

**BRIAN BAILEY, et al.**  DEFENDANTS

## ORDER

This matter is before the court on two Motions for Sanctions [39] [50] filed by Plaintiff.[1] Although it is hard for the court to discern exactly what Plaintiff is seeking in these somewhat convoluted motions, it appears that he is arguing that Defendants should be sanctioned under Rule 11 for arguing that Plaintiff has failed to exhaust his administrative remedies.[2]

Defendants have raised a legitimate issue in this case regarding whether Plaintiff has exhausted his administrative remedies, with which Plaintiff clearly disagrees. However, Plaintiff has pointed to nothing in Defendants' filings that warrants the imposition of Rule 11 sanctions. *See* Fed. R. Civ. P. 11 (b) (by presenting a pleading, motion or other paper to the court, an attorney or unrepresented party certifies, *inter alia*, that it is not being presented to harass, cause unnecessary delay or costs; and that all claims and contentions are supported by law or fact). Indeed, the instant motions - rather than anything filed by Defendants - are closer to frivolous. Plaintiff is cautioned that his *pro se* status does not relieve him of the requirements of Rule 11.

---

[1] The exact titles of the motions are: [39] "Petitioner's Request for the Court to Issue Sanctions or Order to Show Cause for Defendants' Attorney's Violation of Rule 11(b) in Submitting 'Defendants' Response to Plaintiff's Mandatory Judicial Notice with Re-Submission of Motion to Amend the Parties, Complaint and Relief' in Accordance with Rule 6(b)(1)(B) of Fed. R. Civ. P" and [50] "Misc. Pro Se Motion With Notification(s) of Rule 11 Violations."

[2] Plaintiff also appears to be arguing that the Acting United States Attorney for the Southern District of Mississippi, Stan Harris, should be sanctioned because he has not been served and is somehow making unauthorized submissions to the court. *See* [39]. Not only does Plaintiff offer no facts to support this argument, it clearly lacks merit on its face.

"While the district court is obliged to construe pro se pleadings liberally, it is not required to condone blatantly frivolous, vexatious, or harassing conduct ... On the contrary, Rule 11 as then in force, mandated that such activity be punished regardless of its source, and Congress specifically amended the rule in 1983 to include pro se litigants." *Knighten v. Cave & McKay*, 32 F.3d 566, at * 3 (5th Cir. 1994).

    IT IS, THEREFORE, ORDERED AND ADJUDGED that Plaintiff's Motions for Sanctions [39] [50] are denied.

    SO ORDERED AND ADJUDGED this the 14th day of May, 2009.

                                          s/ Michael T. Parker
                                          United States Magistrate Judge