IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MICHAEL ALONZA RUFUS, #99284-071                                    PLAINTIFF

VS.                             CIVIL ACTION NO. 5:08-cv-240(DCB)(MTP)

BRIAN BAILEY, ET AL.                                                DEFENDANTS

ORDER

This cause is before the Court on the Report and Recommendation of Magistrate Judge Michael T. Parker **(docket entry 55)**, and the plaintiff's objections thereto. Having carefully considered the recommendations of the magistrate judge, the objections, and the applicable law, the Court finds as follows:

Plaintiff, Michael Alonza Rufus, was convicted of conspiracy to possess and distribute 500 grams or more of cocaine, and "using and carrying a firearm during and in relation to and possessing a firearm during a drug trafficking crime." On October 17, 2003, Plaintiff was sentenced to concurrent terms of 37 and 60-months by the Honorable Judge Perry in the District Court of South Carolina. Plaintiff is projected to be released from serving his criminal sentence on July 8, 2010. See Exh. 1 to Defendants' Motion for Summary Judgment. The instant lawsuit arises out of an Incident Report issued to Plaintiff on March 30, 2008, and related disciplinary proceedings conducted while Plaintiff was an inmate at the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo City"). Specifically, Plaintiff was issued an Incident

Report charging him with the following offenses: refusing to obey the order of any staff, and being in an unauthorized area.

According to the Report, Officer Brian Bailey observed Plaintiff standing in the hallway talking to another inmate, and ordered Plaintiff to stop talking and go to his "cube." Plaintiff refused to comply, despite being ordered multiple times. Officer Bailey then told Plaintiff to present his identification card, but Plaintiff refused. Plaintiff was placed in administrative detention, pending investigation of the Incident Report. The Unit Disciplinary Committee ("UDC"), of which Defendant Varnado was the Chairperson and Defendant Fortenberry was a Member, conducted a hearing on March 31, 2008 and found Plaintiff guilty of the alleged offenses. Plaintiff's punishment was 90 days' restriction of commissary and phone privileges. See Complaint and accompanying exhibits.

Plaintiff, proceeding pro se, filed this action pursuant to <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971), on or about July 14, 2008, against the following Defendants who worked at FCC Yazoo City during the relevant time period: Officer Bailey; Carolyn Polk, Lieutenant; James A. Hutchins, Lieutenant; Alvin J. Fortenberry, Counselor and member of the UDC; and Katon L. Varnado, Counselor and Chairperson of the UDC. Plaintiff alleges "that the Defendants have acted contrary to procedural[] mandates established by their employer, within the applicable regulations, as [they]

relate[] to plaintiff." See Complaint, p. 5. Specifically, Plaintiff asserts several violations of the Bureau of Prisons ("BOP")'s inmate discipline policy by the Defendants, based on the events surrounding his Incident Report and the UDC hearing. See Complaint, pp. 5-8. Plaintiff also alleges that Defendant Varnado's actions were taken in retaliation for certain prior disciplinary actions involving Plaintiff and that by his actions, he violated Plaintiff's right to associate with his son by preventing him from being transferred to an institution closer to his son. See Complaint, pp. 8-9. Plaintiff seeks injunctive relief requiring the BOP to remove the disciplinary action from his record and to transfer him to a facility closer to his son. He also requests that Defendants be sanctioned "in accord with the applicable regulations of standards of employee conduct," that they be investigated, that they pay fees, and any other just relief. See Complaint, p. 10.

All defendants have moved to dismiss, or in the alternative for summary judgment, on the following grounds: (1) Plaintiff has failed to exhaust his administrative remedies; (2) Plaintiff has failed to demonstrate a violation of his constitutional rights; and (3) Defendants are entitled to qualified immunity. Plaintiff has filed a Motion to Strike Defendants' Arguments and Declarations Pursuant to Fed.R.Civ.P. 12(f), and a Cross-Motion for Summary Judgment.

In a well-reasoned Report and Recommendation, Magistrate Judge Parker finds that Rufus failed to fulfill the requirements of the BOP's Administrative Remedy Program with respect to his claims asserted in this lawsuit, and that Plaintiff has not shown that any exception to the exhaustion requirement applies.  The magistrate judge also addresses the merits of Plaintiff's claims, and finds that Rufus was afforded all procedural protections due him; that he has no constitutional right to be transferred closer to his son; and that he has failed to demonstrate a genuine issue of material fact regarding retaliation.

The plaintiff has filed objections which merely reiterate his initial arguments and do not demonstrate any error in the Report and Recommendation.  The Court therefore adopts the Report and Recommendation in its entirety.  Accordingly,

IT IS HEREBY ORDERED that the Report and Recommendation of Magistrate Judge Michael T. Parker **(docket entry 55)** is adopted in its entirety;

FURTHER ORDERED that the defendants' (Brian Bailey, Carolyn Polk, James A. Hutchins, Alvin J. Fortenberry, and Katon L. Varnado) motion for summary judgment **(docket entry 24)** is GRANTED, and said defendants' motion to dismiss **(docket entry 24)** is DENIED AS MOOT;

FURTHER ORDERED that the plaintiff Michael Alonza Rufus' motion to strike **(docket entry 31)** and motion for summary judgment

**(docket entry 32)** are DENIED;

FURTHER ORDERED that this action is dismissed. A final judgment dismissing this action with prejudice shall follow.

SO ORDERED, this the 30th day of September, 2009.

                                              /s/ David Bramlette
                                              UNITED STATES DISTRICT JUDGE